UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**B&T TIMBER INVESTMENTS, LLC**                    **CIVIL ACTION**

**VERSUS**                                         **NO. 23-1667**

**BANKERS INSURANCE COMPANY**                      **SECTION: "G"(4)**

## ORDER

This litigation arises from an insurance coverage dispute related to Hurricane Ida. Before the Court is Defendant Bankers Insurance Company's ("Defendant") Motion for Summary Judgment.[1] In the motion, Defendant requests that the Court enter summary judgment in its favor, finding that Plaintiff B&T Timber Investments ("Plaintiff") has failed to present a genuine issue of material fact as to coverage for the losses claimed by Plaintiff.[2] For the following reasons, the Court denies Defendant's motion because it was not timely filed.

On February 7, 2024, this Court issued a Scheduling Order providing that "[a]ll non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **September 18, 2024**."[3] Local Rule 7.2 provides that "[u]nless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission." Thus, to permit hearing no later than September 18, 2024, each party was required to submit any non-evidentiary pretrial motions by September 3, 2024. However, Defendant filed

---

[1] Rec. Doc. 23.

[2] *Id.* at 15.

[3] Rec. Doc. 14 at 1.

1

the instant motion for summary judgment on September 13, 2024, setting the motion for submission on October 2, 2024.[4] Therefore, it is evident that Defendant's motion for summary judgment was submitted in violation of the Court's Scheduling Order.

Federal district courts have the inherent power to enforce their scheduling orders,[5] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[6] Here, Defendant did not request or obtain the Court's consent to modify the Scheduling Order, nor did Defendant request leave to file the motion out of time. Trial is set for November 4, 2024.[7] Hence, the Court's Scheduling Order provided that dispositive motions must be filed in enough time to be heard *no later* than September 18, 2024.[8] This allows the Court the minimum time needed to address non-evidentiary pretrial motions.

Pursuant to Federal Rule of Civil Procedure 16(b), if Defendant seeks to modify other deadlines set forth in the Court's Scheduling Order, it must present good cause and obtain the judge's consent.[9] Defendant has not established good cause to modify the deadline for filing non-evidentiary pretrial motions set forth in the Court's Scheduling Order. Accordingly, the motion for summary judgment must be denied as untimely filed. Parties are expected to be diligent in moving

---

[4] *See* Rec. Doc. 23-6.

[5] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The second question challenges the district court's ability to establish and enforce deadlines for the filing of motions and other papers. It is plain that they have, and must have this power."); *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like.").

[6] Fed. R. Civ. P. 16(b)(4).

[7] Rec. Doc. 14 at 5.

[8] *Id*. at 1.

[9] Fed. R. Civ. P. 16(b)(4).

their cases along. The Court reiterates that all deadlines in this matter remain intact and must be adhered to by the parties.

Finally, even if the Court considered the Motion for Summary Judgment on the merits, there are facts in dispute precluding summary judgment. Defendant claims there was no damage to the property.[10] However, Plaintiff points to deposition testimony from Plaintiff's independent adjuster, Robbie Poche, that supports Plaintiff's argument that the property was damaged during Hurricane Ida.[11] This represents a genuine dispute of material fact. Summary judgment, thus, would not be proper in this case even if the Motion was considered on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED** as untimely filed.

**NEW ORLEANS, LOUISIANA**, this 30th day of September, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[10] Rec. Doc. 23-1 at 4-5.

[11] Rec. Doc. 25 at 3.